UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 20-63-DLB

KEVIN M. ALBERT                                                                                   PETITIONER

v.                            MEMORANDUM OPINION & ORDER

H. ALLEN BEARD, JR., WARDEN                                                      RESPONDENT

*** *** *** ***

Petitioner Kevin M. Albert is an inmate at the Federal Correctional Institution–Ashland in Ashland, Kentucky.  Proceeding without a lawyer, Albert has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (Doc. # 1).  This matter is now before the Court for a preliminary screening pursuant to 28 U.S.C. § 2243.  *See Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  For the reasons set forth below, Albert's petition will be denied.

In 2011, Albert pled guilty to one count of conspiracy to distribute twenty-eight grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B).  *See United States v. Kevin Albert*, Case No. 1:11-cr-17-TRM-CHS-2 (E.D. Tenn. 2011) (Doc. # 181 therein).  At sentencing, the court determined that Albert was classified as a career offender under United States Sentencing Guideline § 4B1.1 and thus had an advisory guidelines range of 262 to 327 months of imprisonment.  *Id*. (Doc. # 222 therein).  The court ultimately sentenced Albert to a term of 262 months.  *Id.* (Doc. # 227 therein).  Albert appealed, but the Sixth Circuit Court of Appeals affirmed his conviction and sentence.  *Id.* (Doc. # 255 therein).  Albert also moved to vacate his sentence under 28

1

U.S.C. § 2255 and filed various other motions to reduce his sentence, but all were denied. *Id.* (Docs. # 302 and 354 therein).

Albert now pursues relief via 28 U.S.C. § 2241.  In his Petition, Albert argues that he no longer qualifies as a career offender in light of the Sixth Circuit's en banc decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019).  (Doc. # 1 at 9).  Thus, he asks this Court to vacate his sentence.  *Id*.  Albert's Petition, however, constitutes an impermissible collateral attack on his sentence.

Although a federal prisoner may challenge the legality of his conviction and sentence on direct appeal and through a timely § 2255 motion, he generally may not do so in a § 2241 petition.  *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a habeas petition under § 2241). A § 2241 petition is typically only a vehicle for challenges to actions taken by prison officials that affect the way a prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility.  *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citations omitted).

While there is an exception to this rule under which federal prisoners have been permitted to challenge the validity of their sentences in a § 2241 proceeding, it is exceedingly narrow.  The Sixth Circuit has explained that the exception applies only where a prisoner can show:  "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect."  *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016) (citations omitted). The Sixth Circuit also expressly limited the exception to "prisoners who were sentenced

under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005)." *Hill*, 836 F.3d at 599.  Finally, the Sixth Circuit has made clear that the retroactive case of statutory interpretation on which the petitioner relies must be a United States Supreme Court decision, not a federal circuit court case.  *Id.* at 600 (limiting its decision to cases involving "a subsequent, retroactive change in statutory interpretation by the Supreme Court"); *see also Hueso v. Barnhart*, 948 F.3d 324 (6th Cir. 2020) (holding that a prisoner may not seek habeas relief under § 2241 based solely on a federal circuit court case; rather, the retroactive case of statutory interpretation on which the prisoner relies must come from the Supreme Court).

Upon review, Albert fails to meet the requirements of the limited exception.  As an initial matter, the trial court sentenced Albert in 2011, well after the Supreme Court's decision in *Booker* made the sentencing guidelines advisory rather than mandatory.  On this basis alone, Albert's claim does not fall within *Hill*'s limited exception for bringing a § 2241 petition to challenge his underlying sentence.  *See Loza-Gracia v. Streeval*, No. 18-5923, 2019 WL 4199908, at *2 (6th Cir. March 12, 2019) ("Loza-Gracia cannot proceed under *Hill* because he was sentenced in 2011, long after the Supreme Court's January 2005 *Booker* decision made the guidelines advisory rather than mandatory."); *Contreras v. Ormond*, No. 18-5020 (6th Cir. Sept. 10, 2018) ("[The petitioner's] case does not fall within the narrow exception recognized by *Hill* because he was sentenced post *Booker* in 2009, under the advisory sentencing guidelines."); *Arroyo v. Ormond*, No. 17-5837 (6th Cir. April 6, 2018) (holding that since the petitioner was sentenced after *Booker*, his "claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence").

3

Moreover, Albert has not identified a retroactive change in statutory interpretation by the Supreme Court that is applicable to his case. Instead, Albert relies only on the Sixth Circuit's en banc *Havis* decision. (Doc. # 1 at 9–12). This is, of course, not a Supreme Court ruling. Accordingly, Albert's claim is not cognizable in a § 2241 proceeding, and his Petition is properly denied.

Accordingly, **IT IS ORDERED** as follows:

(1) Albert's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

(2) Judgment will be entered contemporaneously herewith; and

(3) This matter is **CLOSED** and **STRICKEN** from the Court's active docket.

This 13th day of June, 2020.

Signed By:
*David L. Bunning*
United States District Judge

J:\DATA\ORDERS\PSO Orders\Albert 20-63 MOO Dismissing 2241.docx